**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DERRICK ANDRE MYERS,

      Plaintiff - Appellant,

v.

AMY JACKSON, CCS Nurse, El
Dorado Correctional Facility,

      Defendant - Appellee.

No. 12-3225
(D.C. No. 5:11-CV-03168-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH,** and **GORSUCH**, Circuit Judges.[**]

---

Plaintiff-Appellant Derrick Andre Myers, a state prisoner appearing pro se, seeks to appeal from a district court order dismissing his civil rights complaint pursuant to 42 U.S.C. § 1983 for failure to exhaust, for failure to state a federal constitutional claim, and as frivolous. We deny his motion to proceed in forma pauperis (IFP) and dismiss the appeal as frivolous.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mr. Myers filed this action alleging that Defendant-Appellee nurse Amy Jackson denied him his right to refuse medical treatment and subjected him to excessive force. 1 R. 4–15. The district court ordered Mr. Myers to show cause why the action should not be dismissed for failure to fully exhaust the available administrative remedies and for failure to state a claim. Myers v. Jackson, No. 11-3168-SAC, 2012 WL 137935 (D. Kan. Jan. 18, 2012). Mr. Myers appealed, and on March 21, 2012, this court dismissed the appeal for lack of prosecution. 1 R. 96–99. Next, after considering Mr. Myer's motion for reconsideration and motion to file memorandum—construed as responses to the January 18 show cause order—the district court dismissed the action and entered judgment against Mr. Myers. Myers v. Jackson, No. 11-3168-SAC, 2012 WL 3637742 (D. Kan. Aug. 23, 2012).

A court has the authority to dismiss a case brought by a plaintiff proceeding or attempting to proceed IFP "at any time if the court determines that the action or appeal is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(I). We generally review a dismissal for frivolousness under an abuse of discretion standard. Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006).

The district court first determined that Mr. Myers did not properly exhaust his administrative remedies in violation of 42 U.S.C. § 1997e(a). Myers, 2012 WL 137935, at *2–3. The Kansas Department of Corrections has a four-step grievance procedure for inmates. Id. at *3 (citing Kan. Admin. Regs. §§ 44-15-

101 through 102). It plainly appears from the materials filed that, at best, Mr. Myers completed only two of these steps and therefore failed to properly exhaust his administrative remedies. Id. In response to the court's order to show cause why the action should not be dismissed, Mr. Myers argued that he "attempted, several times, to exhaust" but his grievances were ignored. 1 R. 58. None of the seven "forms and grievances" Mr. Myers attached to his motion to reconsider nor any allegation in his present appeal, however, shows that he fully exhausted the claims in his complaint. See Myers, 2012 WL 3637742, at *1–3; Aplt. Br. 1–7.

Second, the district court determined that Mr. Myers's complaint does not state a federal constitutional claim. Myers, 2012 WL 137935, at *3–6. To avoid dismissal, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). The district court found that neither the claim of denial of right to refuse treatment nor the claim of cruel and unusual punishment or excessive force suggested a violation of any established federal constitutional right. For example, to establish a claim of excessive force, Mr. Myers must show (1) that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation" and (2) that the defendant official "acted with a sufficiently culpable state of mind." Smith v. Cochran, 339 F.3d 1205, 1212 (10th Cir. 2003) (quotation omitted). The district court found that Mr. Myers's complaint was

insufficient to allege either. <u>Myers</u>, 2012 WL 137935, at *5. When Mr. Myers was again given time to show cause why his claims should not be dismissed, he alleged no persuasive additional facts or legal arguments to support his claims. <u>Myers</u>, 2012 WL 3637742, at *3–4. The district court therefore concluded that the action was "frivolous and malicious." <u>Id.</u> at *4.

We agree. Applying the standards of 28 U.S.C. § 1915(e)(2)(B)(i), we conclude that Mr. Myers presents no reasoned, non-frivolous argument for our consideration.

Accordingly, we DISMISS the appeal as frivolous. We DENY all of Mr. Myer's pending motions, including his request to reconsider imposing the appellate filing fee, and order immediate payment of the full filing fee.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge